**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Naomi Skinner, ) | No. CV 06-2577-PHX-JAT |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Arizona Public Service Company, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Pending before the Court are Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) (Doc. #6) and Plaintiff's Motion in Response to Defendant's Partcial (sic) Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) (Doc. # 8).

**I.    Background**

Plaintiff alleges she was employed by Arizona Public Service Company ("Defendant") as a contract employee from 1995 to 1997. In 1997, Plaintiff alleges she was given permanent employment status as a Designer assigned to the Communications Department. During her employment, Plaintiff alleges she was subjected to discrimination and harassment based on her race, gender and age, and retaliation.

On October 1, 2006, Plaintiff filed a Complaint against Defendant. On January 3, 2007, Plaintiff filed an Amended Complaint. In the Amended Complaint, Plaintiff references the following statutory and constitutional provisions as serving as the bases for her claims against Defendant: (1) Title VII; (2) the Thirteenth Amendment; (3) 42 U.S.C. § 1981; (4)

1  the Fourteenth Amendment; (5) 42 U.S.C. § 1983; (6) 42 U.S.C. § 1985; (7) 42 U.S.C. §
2  1988; (8) the Civil Rights Act of 1991; and (9) the Age Discrimination in Employment Act,
3  29 U.S.C. § 626(e).

4  On January 29, 2007, Defendant filed a partial motion to dismiss (Doc. # 6). In the
5  motion, Defendant argues that Plaintiff's claims under the Thirteenth Amendment, the
6  Fourteenth Amendment, 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C. § 1988, and the Civil
7  Rights Act of 1991 should be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of
8  Civil Procedure. On March 1, 2007, the Court ordered Plaintiff to respond to the partial
9  motion to dismiss by March 19, 2007, in the absence of which the Court would dismiss the
10  case (Doc. # 7).

11  On March 1, 2007, Plaintiff filed a motion in response (Doc. # 8) in which she moves
12  to dismiss her claims under the Fourteenth Amendment, 42 U.S.C. § 1981, 42 U.S.C. § 1983,
13  42 U.S.C. § 1985, and 42 U.S.C. § 1988. Because Plaintiff has so moved, the Court will
14  dismiss with prejudice her claims under the Fourteenth Amendment, 42 U.S.C. § 1981, 42
15  U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988. However, Plaintiff refuses to move
16  to dismiss her claims under the Thirteenth Amendment, Title VII, the Civil Rights Act of
17  1991, and the Age Discrimination in Employment Act ("ADEA"). Accordingly, because
18  Defendant still seeks dismissal of Plaintiff's claims under the Thirteenth Amendment and the
19  Civil Rights Act of 1991, this Order will address only those two claims.

20  **II.    Legal Standard**

21  A court may not dismiss a complaint for failure to state a claim "unless it appears
22  beyond doubt that the plaintiff can prove no set of facts in support of his claims which would
23  entitle him to relief." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994) (citing *Buckley v.
24  Los Angeles*, 957 F.2d 652, 654 (9th Cir. 1992)); *see Conley v. Gibson*, 355 U.S. 41, 47
25  (1957); *Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995); *W. Mining
26  Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "The federal rules require only a 'short
27  and plain statement of the claim showing that the pleader is entitled to relief.'" *Gilligan v.
28  Jamco Dev. Corp.*, 108 F.3d 246, 248 (9th Cir. 1997) (quoting Fed. R. Civ. P. 8(a)). "The

1  Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to
2  state a claim." *Id.* at 249 (quotation marks omitted).  "All that is required are sufficient
3  allegations to put defendants fairly on notice of the claims against them." *McKeever v.*
4  *Block*, 932 F.2d 795, 798 (9th Cir. 1991) (citing *Conley*, 355 U.S. at 47; 5 C. Wright & A.
5  Miller, *Federal Practice & Procedure* § 1202 (2d ed. 1990)).  Indeed, though "'it may appear
6  on the face of the pleadings that a recovery is very remote and unlikely[,] . . . that is not the
7  test.'"  *Gilligan*, 108 F.3d at 249 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).
8  "'The issue is not whether the plaintiff will ultimately prevail but whether the claimant is
9  entitled to offer evidence to support the claims.'"  *Id.*   Finally, it is well established that pro
10 se complaints, "however inartfully pleaded[,] are held to less stringent standards than formal
11 pleadings drafted by lawyers[.]"  *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quotation marks
12 omitted); *see Ortez v. Wash. County*, 88 F.3d 804, 807 (9th Cir. 1996) ("Because Ortez is a
13 pro se litigant, we must construe liberally his inartful pleading[.]") (citation omitted).  "In
14 civil rights cases where the plaintiff appears pro se, the court must construe the pleading
15 liberally and must afford plaintiff the benefit of any doubt." *Karim-Panahi v. L.A. Police*
16 *Dep't*, 839 F.2d 621, 623 (9th Cir. 1988); *see Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th
17 Cir. 2001) (citing *Karim-Panahi*, 839 F.2d at 623; *Haines v. Kerner*, 404 U.S. 519, 520
18 (1972)); *Frost v. Symington*, 197 F.3d 348, 352 (9th Cir. 1999) (citing *Karim-Panahi*, 839
19 F.2d  at 623).

20         When analyzing a complaint for failure to state a claim, "[a]ll allegations of material
21 fact are taken as true and construed in the light most favorable to the non-moving party."
22 *Smith v. Jackson*, 84 F.3d 1213, 1217 (9th Cir. 1996); *see Miree v. DeKalb County*, 433 U.S.
23 25, 27 n.2 (1977).  In addition, the district court must assume that all general allegations
24 "embrace whatever specific facts might be necessary to support them." *Peloza v. Capistrano*
25 *Unified Sch. Dist.*, 37 F.3d 517, 521 (9th Cir. 1994), *cert. denied*, 515 U.S. 1173 (1995)
26 (citations omitted).  The district court need not assume, however, that the plaintiff can prove
27 facts different from those alleged in the complaint.  *See Associated Gen. Contractors of*
28 *Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).  Similarly, legal

1 conclusions couched as factual allegations are not given a presumption of truthfulness and
2 "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a
3 motion to dismiss." *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *see Jones v. Cmty.*
4 *Redev. Agency*, 733 F.2d 646, 649-50 (9th Cir. 1984); *W. Mining Council*, 643 F.2d at 624.

5 "Dismissal can be based on the lack of a cognizable legal theory or the absence of
6 sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*,
7 901 F.2d 696, 699 (9th Cir. 1988); *see* William W. Schwarzer et al., *Federal Civil Procedure*
8 *Before Trial* § 9:187, at 9-46 (2002). Alternatively, dismissal may be appropriate when the
9 plaintiff has included sufficient allegations disclosing some absolute defense or bar to
10 recovery. *See Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n.1 (9th Cir. 1997) ("If the
11 pleadings establish facts compelling a decision one way, that is as good as if depositions and
12 other . . . evidence on summary judgment establishes the identical facts."); *see also Federal*
13 *Civil Procedure Before Trial* § 9:193, at 9-47.

14 **III.   Discussion**

15 In seeking dismissal of Plaintiff's claim under the Thirteenth Amendment, Defendant
16 argues that the Thirteenth Amendment does not create an independent cause of action against
17 private parties. In opposition, Plaintiff argues that she does have a claim under the Thirteenth
18 Amendment because the "badges of slavery" continue today. In support of that premise,
19 Plaintiff provides examples of racially-charged jokes, derogatory comments, and harassment
20 in the workplace.

21 Plaintiff's allegations indicate that she is asserting a claim of discrimination under the
22 Thirteenth Amendment. However, as Defendant correctly notes, the Thirteenth Amendment
23 only provides individuals with the right to be free from involuntary servitude. *See Kagy v.*
24 *Sterling Hills Golf Course*, 2006 WL 3372510, * 1 (9th Cir. 2006) (citing *Palmer v.*
25 *Thompson*, 403 U.S. 217, 226-27 (1971)). The Thirteenth Amendment does not "afford
26 protection from discrimination more generally." *Id.* Further, the Court agrees with
27 Defendant that "the Thirteenth Amendment does not give rise to an independent cause of
28 action against private parties." *Del Elmer; Zachay v. Metzger*, 967 F.Supp. 398, 402

1 (S.D.Cal. 1997). Accordingly, even construing the facts alleged in the light most favorable
2 to Plaintiff and accepting all well-pleaded factual allegations as true, Plaintiff's allegations
3 are insufficient as a matter of law to state a claim for relief under the Thirteenth Amendment
4 and the claim will be dismissed. *See SmileCare Dental Group v. Delta Dental Plan of Calif.,*
5 *Inc.*, 88 F.3d 780, 783 (9th Cir. 1996) (stating that a court may dismiss a claim as a matter of
6 law for "(1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal
7 claim.").

8 Similarly, in seeking dismissal of Plaintiff's claim under the Civil Rights Act of 1991
9 (the "Act"), Defendant argues that the Act does not create an independent cause of action.
10 In opposition, Plaintiff argues that she does have an independent cause of action under the
11 Act and, in support thereof, sets forth an account of workplace discrimination, harassment
12 and retaliation alleged to have been directed against her.

13 Again, Plaintiff's allegations indicate that she is seeking to assert a claim of gender
14 and racial discrimination under the Act. However, as Defendant correctly notes, the Act
15 "does not create a new substantive right or an independent cause of action; rather, it
16 'enhances the remedies otherwise available for intentional employment discrimination.'"
17 *Bennett v. Calabrian Chemicals Corp.*, 324 F.Supp.2d 815, 839 (E.D.Tex. 2004) (citations
18 omitted); *see also Drake v. City and County of Denver*, 953 F.Supp. 1150, 1156 (D.Colo.
19 1997) (stating that the Act "merely augments the remedies available to individuals under
20 existing civil rights statutes."). In other words, Plaintiff may only use the Act, if at all, to
21 enhance the remedies, if any, available to her under Title VII and the ADEA. Accordingly,
22 even construing the facts alleged in the light most favorable to Plaintiff and accepting all
23 well-pleaded factual allegations as true, Plaintiff's allegations are insufficient as a matter of
24 law to state a "stand-alone" claim for relief under the Civil Rights Act of 1991 and the claim
25 will be dismissed. *See SmileCare Dental Group*, 88 F.3d at 783.[1]

---

[1] As are result of this Order, the only claims remaining in this case are based on Title VII and the ADEA.

1   For the foregoing reasons,

2   IT IS ORDERED that Defendant's Partial Motion to Dismiss Pursuant to Fed. R. Civ.
3   P. 12(B)(6) (Doc. #6) and Plaintiff's Motion in Response to Defendant's Partcal (sic) Motion
4   to Dismiss Pursuant to Fed. R. Civ. P. 12(B)(6) (Doc. # 8) are GRANTED;

5   IT IS FURTHER ORDERED that Plaintiff's claims under the Fourteenth Amendment,
6   42 U.S.C. § 1981, 42 U.S.C. § 1983, 42 U.S.C. § 1985, and 42 U.S.C. § 1988, are dismissed
7   with prejudice;

8   IT IS FURTHER ORDERED that Plaintiff's claims under the Thirteenth Amendment
9   and the Civil Rights Act of 1991 are dismissed.

10  DATED this 17th day of April, 2007.

James A. Teilborg
United States District Judge